## Martin *vs* Shelton.

### ERROR TO THE WOODFORD CIRCUIT.

*Ejectment.    Mortgagor and mortgagee.*

JUDGE MARSHALL delivered the Opinion of the Court.

IT was decided in the case of *Dougherty* vs *Linthicum*, 8 *Dana*, 198, and we still adhere to the opinion, that the execution purchaser of the mortgagor's interest in land, having received a deed, may maintain ejectment against the mortgagor. The possession of the mortgagor is *prima facie* evidence of the right of possession. This *prima facie* right is transferred by the sale and deed, to the execution purchaser, and the mortgagor cannot defeat it by showing an outstanding legal title in the mortgagee or

EJECTMENT.

*Case* 30.

*September* 28.

A purchaser under execution, of a mortgagor's interest in land, having received a deed, may maintain ejectment against the mortgagor.

The possession of the mortgagor is *prima facie* evidence of the right of posses-

MARTIN
*vs*
SHELTON.

sion. This *prima facia* right passes to the purchaser on sale & his procuring a deed.

Nor will the pendency of a suit to foreclose the mortgage affect in any manner, the purchaser's interest, or the interest of mortgagee in case of foreclosure and sale.

another. Whether this doctrine be or be not applicable to a private sale and conveyance of the mortgagor's interest, it seems necessary in order to give beneficial effect to the statute, which in subjecting the mortgagor's interest to sale under execution, may be regarded as imparting to it, in some degree, the character of a legal estate, at least so far as to effectuate between the mortgagor and the purchaser the proper advantage which should result from the transfer of the mortgagor's right in the land.

Nor does the pendency of a suit to foreclose the mortgage affect, in any manner, either the right of selling the mortgagor's interest under execution, or the consequence of the sale; as against the mortgagee and the purchaser under the decree of foreclosure, such sale would be wholly inoperative and could present no obstacle to the enforcement of the rights of either—and this is the meaning of the *obiter* expressions referred to in the case of *Addison, &c.* vs *Crow, &c.* 5 *Dana,* 280, which are used in relation to a contest between the purchaser under the decree of foreclosure, and the purchaser under execution against the mortgagor, and which refer particularly, not to a sale of the mortgagor's interest as authorized by the execution, but to his surrender for sale by the officer, of more of the mortgaged premises than was necessary to satisfy the execution.

The fact that the mortgagor had a right to redeem his interest and was defeated in the attempted exercise of that right, whatever effect it may be entitled to in a Court of Equity, as to which we do not decide, can have none in this action of ejectment, since it does not tend to prove that the purchaser is not invested with all the rights of the mortgagor.

Little reliance was placed in argument, upon the objection to the manner in which the deed was signed and sealed by the officer who executed it, and we need only say, that though the execution of the deed was informal, we are of opinion that however it might be in the case of a private individual, it should be deemed valid as the act of the deputy sheriff, who has affixed both his name and seal.

Wherefore, the judgment is affirmed.

*Morehead & Reed* for plaintiff; *Owsley* for defendant.